IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–99–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KRISTOPHER DANIEL RAINEY, | |
| Defendant. | |

Before the Court is Defendant Kristopher Daniel Rainey's Unopposed Motion for Early Termination of Supervision. (Doc. 63.) The United States does not oppose. (*Id.* at 1.) United States Probation Officer Nickalas Buciuman has no objection. (*Id* at 1–2.)  For the reasons below, the Court grants the motion.

## Background

On March 16, 2021, Defendant was sentenced for possession with intent to distribute methamphetamine, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 56.) The Court sentenced Defendant to 24 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his current term of supervision on September 21, 2022. (Doc. 63 at 2.)

1

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 26 months on supervision; as such, he is eligible for release. Defendant argues that his supervised release should be terminated because he has maintained sobriety since June 28, 2019. (Doc. 63 at 3.) He is employed at Carsten Logistics where he unloads produce and other merchandise for Sysco. (*Id.*) Defendant obtained is GED in 2021 and completed Non-Residential RDAP while incarcerated. (*Id.*) Defendant lives alone but enjoys

attending church and participating in Celebrate Recovery every Sunday. (*Id.*) The Court is impressed with Defendant's sobriety and believes he can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 63) is GRANTED. Kristopher Daniel Rainey's term of supervised release is TERMINATED as of the date of this Order.

DATED this 6th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court